UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**LORILLARD TOBACCO CO.,**

     **Plaintiff,**     **3:11-cv-1489**
               **(GLS/DEP)**

     **v.**

**NORTH FAST FOOD, INC.**
**d/b/a CROWN CHICKEN,**

     **Defendant.**
_____

## SUMMARY ORDER

  Plaintiff Lorillard Tobacco Company commenced this action against defendant North Fast Food, Inc., doing business as Crown Chicken, alleging, among other things, counterfeiting and infringement of Lorillard's trademarks.  (*See* Compl., Dkt. No. 1.)  Although defendant initially denied several of Lorillard's allegations, (*see* Dkt. No. 25), it, in response to Lorillard's motion for summary judgment, (*see* Dkt. Nos. 30, 31), informed the court that it no longer intended to defend this matter, (*see* Dkt. No. 35). Having reviewed the entire record before it and finding no genuine issues of material fact, the court, for the reasons fully articulated in Lorillard's motion papers,[1] (*see generally* Dkt. Nos. 30, 31), agrees that Lorillard is

---

  [1] Because defendant elected not to contest any of the facts asserted in Lorillard's Statement of Material Facts, those facts, all of which are properly supported by admissible

entitled to summary judgment on all of its causes of action. As such, the only issue to be addressed is that of damages.

In this regard, Lorillard seeks $80,000 in statutory damages under 15 U.S.C. § 1117(c), which equates to $10,000 for each trademark infringed, and a permanent injunction under 15 U.S.C. § 1116, to prevent any future infringement of its trademarks. (*See* Dkt. No. 30, Attach. 1 at 18-20; Dkt. No. 34 at 2.) While both are appropriate here, Lorillard's statutory damage request is excessive given the nature of the infringement in this case. Specifically, Lorillard's proposed award is premised on the notion that defendant acted willfully or, at a minimum, recklessly, in acquiring and selling the infringing products. (*See* Dkt. No. 30, Attach. 1 at 19-20.) However, the court is unpersuaded that the conduct here rose to the level of even recklessness. Rather, defendant's one-time, unintentional purchase of five cartons of counterfeit cigarettes is best characterized as negligent or improvident. (*See* Dkt. No. 30, Attach. 3 at 40:1-7; 47:12, 49:10-15.)

---

evidence, are deemed admitted pursuant to Fed. R. Civ. P. 56(e)(2) and N.D.N.Y. L.R. 7.1(a)(3). (*See* Pl.'s Statement of Material Facts (SMF), Dkt. No. 31.) The court notes, however, that there is a typographical error in paragraph fifteen, which indicates that fifty cartons of cigarettes were sold. (*See* Pl.'s SMF ¶ 15.) The deposition pages the paragraph cites to states that only five (5) cartons were purchased. (*See* Dkt. No. 30, Attach. 3 at 47:12.)

2

Thus, after considering all of the relevant factors in determining the appropriate amount of damages under 15 U.S.C. § 1117(c),[2] the court concludes that Lorillard is entitled to statutory damages of $1,000 per infringement, for a total of $8,000,[3] as well as permanent injunctive relief. To this end, Lorillard is directed to submit a proposed order for permanent injunctive relief for the court's review within fourteen (14) days of the date of this Summary Order.[4]

**ACCORDINGLY**, it is hereby

**ORDERED** that Lorillard's motion for summary judgment (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall enter judgment in favor of Lorillard and against defendant North Fast Food, Inc. in the amount of **$8,000.00**, which represents the statutory damage award under 15 U.S.C. § 1117(c);

---

[2] In determining a proper statutory award under 15 U.S.C. § 1117(c), courts are generally guided by the case law under the Copyright Act. *See All-star Mktg. Grp. v. Media Brands Co.*, 775 F. Supp. 2d 613, 622 (S.D.N.Y. 2011); *see also Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (discussing the relevant factors in determining a statutory award for copyright infringement).

[3] Notably, Lorillard's submissions do not include a specific request for attorneys' fees or costs. Should it wish to seek such an award, it must file the appropriate motion in accordance with the Federal Rules of Civil Procedure and Local Rules of Practice.

[4] In addition to filing the proposed order on the docket, Lorillard must also send a copy of the order to the court's CM/ECF email address in either ".doc" or ".wpd" format.

and it is further

**ORDERED** that Lorillard is directed to submit a proposed order for permanent injunctive relief for the court's review within fourteen (14) days of the date of this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court